JIM ALEXANDER v. THE STATE.

No. 3840.   Decided May 13, 1908.

1.—Local Option—Statement of Facts—Filing After Adjournment.

Where the court adjourned on the 15th day of February, 1908, and the statement of facts was filed March 2, 1908, and there was no order authorizing the filing in vacation, the same cannot be considered.

2.—Same—Elections—Contest—Orders of Commissioners Court.

Where the record showed that there was no civil contest of the local option law, as provided by the Thirtieth Legislature, objection to the orders of the commissioners court affecting the local option election, could not be considered.

3.—Same—Substitution—Information.

Where the substitution of the complaint and information complied in all respects with article 470, Code Criminal Procedure, there was no error.   Following Withers v. State, 21 Texas Crim. App., 210 and other cases.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*S. C. Coffee,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This conviction is for violating the local option law, the punishment assessed being a fine of $100 and sixty days imprisonment in the county jail.

The record before us shows that the court adjourned on the 15th day of February, 1908. The statement of facts was filed March 2, 1908. We find no order of the court authorizing the filing of statement of facts in vacation in the record.

Various objections to the orders of the commissioners court are in the record, but under an Act of the Thirtieth Legislature that went into effect August 11, 1907, which provides that contests of elections where the local option law was in force at the time the act was passed should be contested within sixty days, none of the objections to the orders can be considered. The record shows there was no civil contest of the local option law. For a discussion of this matter see Wilson v. State, 107 S. W. Rep., 818; Hardy v. State, 52 Texas Crim. Rep., 420; 107 S. W. Rep., 547.

We furthermore hold there was no error in the court substituting complaint and information. The same comply in all respects with article 470 of the Code of Criminal Procedure. Withers v. State, 21 Texas Crim. App., 210; Strong v. State, 18 Texas Crim. App., 19; Schultz v. State, 15 Texas Crim. App., 258; Gillespie v. State, 16 Texas Crim. App., 641.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*