## C. B. DOYLE v. THE STATE.

### No. 445.   Decided March 9, 1910.

### Rehearing denied April 13, 1910.

**1.—Local Option—Election Contest—Orders of Commissioner's Court—Presumption.**

In the absence of a contest it will be assumed that the judgment and decree putting local option in force, and the proclamation of the county judge had the effect to institute the local option law in the county of the prosecution; and this presumption is conclusive.

**2.—Same—Jurisdiction of County Court—Statutes Construed.**

The Act of the Thirty-first Legislature making the sale of intoxicating liquors a felony, was not intended to apply and did not apply in counties which had theretofore adopted local option. Following Lewis v. State, recently decided.

**3.—Same—Repeal of Law—Felony.**

The Act of the Thirty-first Legislature, making the sale of intoxicating liquors a felony, does not repeal the local option law in counties which have held such local option elections prior to the taking effect of said last named Act.

**4.—Same—Sufficiency of the Evidence.**

Where, upon appeal from a violation of the local option law, the same was sustained by the evidence, the verdict will not be disturbed.

Appeal from the County Court of Johnson. Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Phillips & Bledsoe,* for appellant.—On question of the insufficiency of the testimony: Brignon v. State, 37 Texas Crim. Rep., 71, 38 S. W. Rep., 783.

On question of the court's charge: Choate v. State, 47 Texas Crim. Rep., 297, 83 S. W. Rep., 377.

On question of repeal of law: Walker v. State, 7 Texas Crim. App., 245.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—By information filed in the County Court of Johnson County, Texas, on the 5th day of November, 1908, appellant was charged with selling intoxicating liquors to one J. M. Young in violation of law. At a trial had in said court on the 18th day of August, 1909, appellant was found guilty as charged, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail.

The appeal raises a number of interesting questions, which are presented with great force and clearness.

1. It is contended, among other things, that the precedent steps necessary to put local option in force in Johnson County had not been complied with, and that for many reasons urged in bills of exception and insisted on in brief of counsel said election was invalid and nugatory. Whatever we might conclude in respect to these several matters, in the absence of the statute passed by the Thirtieth Legislature requiring contests to be made of local option elections theretofore or to be thereafter held, it is sufficient to say that in the absence of a contest we must and shall assume that the judgment and decree putting local option in force and the proclamation of the county judge had the effect to institute the law in that county, and that this presumption and conclusion are conclusive on us and on appellant.

2. It is urged that the court trying the case had no jurisdiction of the offense for the reason that by an Act of the Thirtieth Legislature the sale of intoxicating liquors was made a felony, and, therefore, the County Court of Johnson County had no jurisdiction to try appellant. We have recently held in the case of Lewis v. State, decided at the present term, that this Act of the Legislature was not intended to apply and did not apply in counties which had theretofore adopted local option. We see no reason to change the opinion and conclusion there reached, and that opinion is decisive of the contention made by appellant.

3. It is contended that if the felony statute does not apply; that the Act in question operated to repeal all laws theretofore in force fixing a penalty on violations of the local option law, and that there is now no law in existence fixing a penalty for a violation of the local option law in counties which had adopted same prior to the Act of the Thirty-first Legislature. This contention was squarely ruled against appellant in the case of Lewis v. State, referred to above. We there said: "It was urged in argument that since the Act in question by terms substitutes its provisions for the law theretofore in force, if we should hold that the imposition of the punishment prescribed in the Act in question could not be applied in countries which had theretofore adopted local option, it would result in a total repeal of the punishment for the violation of law in such counties, and that there would be no penalty for the violation of the local option law in counties which had adopted same prior to the passage of the Act under consideration. If this were true, we should be confronted with a very

serious situation, but under the decisions of this court the very opposite of this construction has been adopted, and we have uniformly enforced the penalties of the Act of 1876 in counties which had adopted local option prior to the passage of the Act of March 30, 1887." It follows on the same principle that the Act of March 30, 1887, insofar as same attaches a penalty to the violation of the local option law, is effective and enforceable in all counties in this State holding such local option elections prior to the taking effect of the Act of the Thirty-first Legislature, approved April 24, 1909, p. 396.

4. The only other question that requires notice is the assignment which questions the sufficiency of the evidence to support the verdict. The court gave a very clear charge to the jury, in which they were instructed in respect to the matter of agency and accommodation, and on such charge, which is practically unexcepted to, the jury have found adversely to appellant. The facts, in brief, show that about the first day of November, 1908, J. M. Young, the prosecuting witness, met appellant and asked him if he could get some whisky, to which appellant replied that he had none, and he then asked him if he could get him some, to which appellant replied he did not know but would try. That witness handed him 75 cents, and asked him to get him a pint of whisky; that he took the money and went behind an enclosure in the rear end of a drugstore, and came back and handed him a pint of whisky. Appellant makes, in general, the same statement of the transaction, except he says he got the whisky from a negro as a matter of accommodation only, and that he had no whisky and derived no profit in the transaction, and acted in the matter solely as an accommodation for Young. We think under the circumstances the jury were justified in concluding that the matter of accommodation was a pretense; that the negro was a myth, and that the facts constituted a sale.

Finding no error in the judgment of conviction it is hereby in all things affirmed.

*Affirmed.*

[Rehearing denied April 13, 1910.—Reporter.]