## TALLEY v. BENSON et al.
### No. 8526.

Court of Civil Appeals of Texas. Austin.
July 1, 1936.

Rehearing Denied July 15, 1936.

Eugene F. Mathis, of San Angelo, and Gaynor Kendall, of Austin, for appellant.

Wm. McCraw, Atty. Gen., and Letcher D. King, Asst. Atty. Gen., for appellees.

BAUGH, Justice.

Appellant, as plaintiff, brought this suit in the district court of Tom Green county, Tex., for mandamus to compel the Texas Liquor Control Board to issue to him a permit for the sale of liquors in unbroken packages at a designated location in justice precinct No. 1, in said county. From an order refusing to grant such mandamus, he has appealed.

The issue presented is whether such justice precinct No. 1 is wet or dry territory. The facts are undisputed, are agreed to, and are as follows:

Commissioner precinct No. 1 and justice precinct No. 1 in said county have identical boundaries and include the city of San Angelo. In November, 1918, a local option election was held, under the constitutional amendment of 1891, in commissioner precinct No. 1, at which election said precinct voted to prohibit the sale of intoxicating liquors therein. At that time the Constitution authorized the holding of local option elections in commissioner precincts as well as in justice precincts. In the amendment to the Constitution (section 20 of art. 16) adopted in 1935, and in the Liquor Control Act (Acts 2d C.S. 44 Leg. c. 467, Vernon's Ann.P.C. art. 666—1 et seq.), commissioner precincts were omitted as areas in which such elections were authorized, same being confined to "counties, justice precincts, or incorporated towns or cities, etc."; with the proviso that where these areas were dry, under former elections held therein, when such 1935 amendment to the Constitution was adopted, same should continue as dry territory until such sale might be authorized by another election held in such area. In January, 1936, an election was held in justice precinct No. 1 of Tom Green county, wherein the ballot used was "For legalizing the sale of all liquors" and "Against legalizing the sale of all liquors." In this election said justice precinct voted dry. This election was not contested nor otherwise attacked in a direct proceeding.

█ It is appellant's contention under these facts and circumstances: (1) That the 1918 local election being held in a *commissioner* precinct, and not as a *justice* precinct election, and the 1935 constitutional amendment preserving a dry status, only as to counties, justice precincts, cities, or towns which had theretofore voted dry, that no such dry status was preserved as to . commissioner precincts, but that such precincts by the adoption of the 1935 amendment thereby became wet territory where intoxicating liquors might be legally

sold; that justice precinct No. 1, not having had a local option election as such prior to 1919, became wet territory under the 1935 amendment; and (2) that because the ballot used in the January, 1936, election for such precinct was that prescribed by section 40 of the Liquor Control Act (Vernon's Ann.P.C. art. 666—40) to be used in elections in dry areas, when such justice precinct No. 1 was, as a matter of law, then a wet area, this irregularity rendered that election void, thereby leaving said justice precinct No. 1 still a wet area. Consequently, that since appellant had complied with all the requirements of the law governing the issuance of a liquor permit, it was the duty of the Liquor Control Board to issue same to him.

If justice precinct No. 1 was dry territory under the 1918 election held in commissioner precinct No. 1, constituting identically the same area and containing the same voters, then it continued as dry territory under the 1935 amendment to the Constitution; and the 1936 election held therein, under the assumption that it was dry territory, was regular, and it continued to remain dry territory. Appellant cites us to cases by the Court of Criminal Appeals, particularly Ex parte Mills, 46 Tex.Cr.R. 224, 79 S.W. 555, and Ex parte Rippy, 44 Tex.Cr.R. 72, 68 S.W. 687, as sustaining his contention. It is true that the 1935 amendment omitted commissioner precincts as areas in which local option elections might legally be held. This amendment and the Liquor Control Act also preserved as dry areas only the counties and subdivisions thereof, viz., justice precincts, cities, or towns, which had theretofore been dry areas. Consequently, a dry status was preserved only in the areas designated. And if said commissioner precinct had contained other or different boundaries than the justice precinct, whether of greater or less area, we are of the opinion, under the cases cited, that an election in such commissioner precinct would not determine the wet or dry status of a justice precinct, a part of which only was either within or without the boundaries of such commissioner precinct. But where, as here, the identical area is encompassed in each of such precincts, the voters are exactly the same, and in such area there had been had, in a legal manner, a free expression of the will of such voters against the sale of intoxicating liquors therein; we are unwilling to place such a strict construction on the language and meaning of the 1935 amendment as would do violence to its expressed purpose, and by doing so not only subvert the declared will of the people in the area involved, but, in the case here presented, defeat, rather than sustain, the spirit and purpose of the amendment itself. Had the 1918 election been designated and held in said area as a justice precinct election, instead of as a commissioner precinct election, the area, the people, the issues, and the result would have been exactly the same. Because of these facts we hold that justice precinct No. 1 in Tom Green county was dry territory when the 1935 amendment to the Constitution was adopted, and that its dry status was thereafter continued. That being true, the ballot used in the election of January, 1936, was the proper ballot under section 40 of the Liquor Control Act, and the result of that election was to continue said area dry.

■ If, however, we be in error as to the dry status of justice precinct No. 1 at the time the 1935 amendment to the Constitution was adopted, we think the trial court properly refused to grant the mandamus applied for. While the Court of Civil Appeals at San Antonio, in Moyer v. Kelley, 93 S.W.(2d) 502, held that the use of the same ballot as used in the January, 1936, election in justice precinct No. 1, Tom Green county, in a wet area rendered the election in that case voidable, that was an appeal from an election contest brought under the statutes authorizing such suit. Not only so, but the court held in that case that the record indicated that the voters were probably misled by the use of the improper ballot. In the instant case, however, there are no allegations that the election was not otherwise regular, nor that any of the voters were misled, nor that the results of said election as declared were not a fair expression of the will of the voters in said precinct. The proper method of attack upon such election was by a contest as authorized by the statutes. Such method of attack upon elections has been held to be exclusive and final. 16 Tex.Jur. § 115, p. 142, and cases therein cited. The method sought herein by appellant was a collateral attack upon such election and cannot therefore be properly entertained. That being true, the election of January,

1936, which at most was only voidable, and subject to be set aside,' if at all, only by a proper contest thereof, established justice precinct No. 1 as a dry area. Consequently, in no event was appellant entitled to a permit to sell liquor therein. The judgment of the trial court will therefore be affirmed.

Affirmed.