## CRAWFORD et al. v. MAPLES et al.
### No. 10762.

Court of Civil Appeals of Texas. Galveston.
March 3, 1938.

M. E. Gates and E. R. Wright, both of Huntsville, for appellants.

William McCraw, Atty. Gen., Joe Sharp, Asst. Atty. Gen., and Aldrich & Crook and Kennedy & Granberry, all of Crockett, for appellees.

GRAVES, Justice.

This general statement, deemed to 'be correct, is taken from the appellees' brief:

"This suit was brought by James Crawford, Jr., and the other appellants, all of whom were the holders of permits authorizing them to sell beer, seeking to have Archie L. Maples, the Sheriff of Houston County, Texas, and all other officers whose duty it was to enforce 'local-option, enjoined from enforcing an order declaring the dry-result of a local-option. election held in Houston County, Texas, on the 11th day of December, 1937, the result of which was declared on the 16th day of December, 1937. This action is. not an election contest, no notice of contest was served, and has not been treated as an election contest by appellants up to the present.

"Appellants filed their petition on the first day of January, 1938, alleging their residence in Houston County, where they were engaged in the sale of beer containing alcohol not in excess of four per

centum (4%) by weight. They allege that on November 24, 1937, petitions for a local option election were presented to the Commissioners Court, which called the election by an order of that date. They contended that the order was void, because it did not sufficiently describe the beverage to be prohibited, and because the ballot therein described was not in compliance with section 40, art. 1, Liquor Control Act of Texas, as amended by Acts 1937, H.B. No. 5 § 30a, Vernon's Ann.P.C. art. 666—40. They attacked the order canvassing the returns of the election, of date December 16, 1937, because it undertakes to prohibit a beverage not described in the election order, and because it did not affirmatively order the clerk to post notices thereof.

"They also attacked the election because the order of the Commissioners Court of date August 23, 1937, defining the limits of the several election precincts of Houston County were in violation of article 2933, R.C.S., in that they alleged that six (6) of the election precincts therein described contained parts of two or more justice precincts.

"They then alleged that they had property rights endangered, and prayed for a temporary restraining order, for a temporary injunction, and for a permanent injunction restraining the enforcement of said order of December 16, 1937, declaring the dry-status of the county.

"On January 1, 1938, the petition was presented to the District Judge in chambers, who granted the temporary restraining order, and set the case for hearing for January 7, 1938, and later reset it for hearing on January 13, 1938.

"Appellees answered by demurrer and denial, and plead that, excluding the six (6) voting precincts above mentioned, there would still be a dry majority of eighty-three (83) votes, and alleged affirmatively that the ballot prescribed by law was used in the election.

"The hearing was had January 13 and 14, 1938, and resulted in a judgment vacating the temporary restraining order and refusing the temporary injunction, hence this appeal."

Since this able brief further satisfactorily disposes of the merits of the appeal, this much of it is adopted as the court's opinion:

"This suit was brought seeking to have the election held void, and, based on a favorable result in that matter, to secure an injunction preventing the various officers who are appellees from enforcing the result of the election. It is not an election contest. None of the steps which are necessary to institute an election contest were taken. It is simply a civil suit.

"It is the uniform holding of our courts that an election contest is the exclusive remedy of the citizen who feels aggrieved, or harmed, by the result of an election. The invalidity, if any, of the election, must be set up in a contest, for the reason that the Legislature having set up this special procedure for the adjudication of such issues, it is exclusive and no other remedy is available.

"The general rule is announced in 16 Tex.Jur., Elections, p. 142, § 115, as follows: 'The constitution and statutes have, as above noted, conferred upon the Court's jurisdiction over election contests, and have provided a special procedure by which contests may be tried. This procedure is designed to be final and exclusive, and the Courts have no authority to adjudicate cases which come within its purview, otherwise than in the manner specified. * * * A suit in the nature of a contested election addressed to the general jurisdiction of the District Court cannot properly be heard.'

"The same idea is expressed in Moore v. Commissioners' Court of Titus County, by the Texarkana Court of Civil Appeals, 192 S.W. 805: 'A specific mode of contesting an election having been prescribed by the statute, that particular mode alone can be resorted to; it is exclusive of every other mode.'

"Thurston v. Thomas, by the Beaumont Court of Civil Appeals, 7 S.W.2d 105, was a stock-law election case. The Court expressed the rule in the identical language used in Moore's Case.

"Talley v. Benson, Austin Court of Civil Appeals, 96 S.W.2d 94, 95, deals with the Texas Liquor Control Act, Vernon's Ann. P.C. art. 666—1 et seq. There the plaintiff sought a mandamus requiring the proper officers to grant him a permit, alleging that a prior local option law was void for certain reasons, and that the officers should grant him the license upon his judication. The court said, after discussing other phases of the case: 'In the instant case, however, there are no allegations that the election was not otherwise regular, nor that any of the voters were misled,

nor that the results of said election as declared were not a fair expression of the will of the voters in said precinct. The proper method of attack upon such election was by a contest as authorized by the statutes. Such method of attack upon elections has been held to be exclusive and final. 16 Tex.Jur., § 115, p. 142, and cases therein cited. The method sought herein by appellant was a collateral attack upon such election and cannot therefore be properly entertained. That being true, the election of January, 1936, which at most was only voidable, and subject to be set aside, if at all, only by a proper contest thereof; established justice precinct No. 1 as a dry area.' The court refused to grant a mandamus, and the opinion is positive authority for the proposition that such points can be heard only in a contest-proceeding, and not collaterally, as is sought in this case.

"The latest expression is that of the Eastland Court in Adamson v. Connally, Tex.Civ.App., 112 S.W.2d 287, 290, dated December 3, 1937. The suit was filed seeking a judgment 'declaring said election, held on May 2, 1937, illegal and void, and that said Eastland County, Texas, remain in its present status until. * * *' The grounds of invalidity alleged were that the proper ballot was not used, and that notices were not posted as required by law. The court first held that the suit made by the plaintiffs was not an election contest, and then said: 'In fact, the only relief sought against any of the defendants was temporary, and to exist only until the validity of the election could be adjudicated. The ultimate relief sought was such adjudication. In our opinion no action, the sole purpose of which is to procure an adjudication of the invalidity of an election, can be maintained unless it be the statutory election contest or a quo warranto proceeding.'

■ "This holding is parallel with Talley v. Benson, supra. The election contest remedy-procedure is the only route available to a party who desires to litigate the issues attempted to be raised by appellants.

"Section 40a, Texas Liquor Control Act, as amended by Acts 1937, H.B. No. 5, § 30a, Vernon's Ann.P.C. art. 666—40a, reads: '[After prescribing the procedure for contesting local option elections] if no contest of said election is filed and prosecuted in the manner and within the time provided above, it shall be conclusively presumed that said election as held and the result thereof declared, are in all respects valid and binding upon all courts. * * *'

■■ "This section of the Liquor Control Act was lifted bodily from the former local option laws, it having been first enacted by the 30th Legislature, 1st Called Sess. chapter 8, page 447, Acts of 1907. It was before the courts several times before the advent of prohibition, and was construed. When it was re-enacted in 1937, the Legislature evidently did so with its prior construction in mind. This is a fundamental rule of statutory construction, as stated in Coker v. Kmeicik, 126 Tex. 440, 87 S.W.2d 1076, 1079: 'In addition, it cannot be questioned that the adoption of this amendment in the same language as the previous Constitution resulted in the adoption of the construction placed on the former provision by the court.' This means that, in construing the present section 40a, we are bound by the construction placed thereon by the Courts when the old section, which it follows, was upon the statute books.

■ "Appellants contend that the election of December 11, 1937, was void for certain irregularities. We say that these points can only be heard by this or any other Court in an election contest, which contest must be instituted and prosecuted within thirty days from the order declaring the result of the election. The record affirmatively shows that this action is not an election contest. The appellants have not shown an election contest to be pending. More than thirty days have elapsed since the order declaring the result of the election. Therefore the points attempted to be raised by appellants are concluded against them. Section 40a, Texas Liquor Control Act as amended, by Acts 1937, H.B. No. 5, § 30a being article 666—40a, Vernon's Ann. Penal Code; Coker v. Kmeicik, 126 Tex. 440, 87 S.W.2d 1076; Longmire v. State, 75 Tex.Cr.R. 616, 171 S.W. 1165, Ann.Cas.1917A, 726; Doyle v. State, 59 Tex.Cr.R. 60, 127 S.W. 815; Alexander v. State, 53 Tex.Cr.R. 504, 111 S.W. 145; Hardy v. State, 52 Tex.Cr.R. 420, 107 S.W. 547.

■ "James Crawford, Jr., T. E. Callier, Tom Rhoden, and G. W. Sheridan are all the appellants herein. There is no word of testimony that Crawford, Rhoden,

or Sheridan have ever been granted any permits or licenses of any kind, which would entitle them, or any of them, to engage in the business of selling beer. Callier testified that he owned State and County permits, but had allowed his City permit to expire before the trial.

"Norton v. Alexander, 28 Tex.Civ.App. 466, 67 S.W. 787, 788, error denied, holds: 'The question yet remains, were the appellants, as liquor dealers, entitled to contest the election by injunction proceedings in equity? We answer that if such right ever existed, which we doubt, but need not in this case determine, it did not exist when the case went to trial and the injunction was dissolved, which was after the time covered by the license had expired.'

"Section 13 of the Liquor Control Act, as amended, Vernon's Ann.P.C. art. 666— 13 provides: 'Any permit granted under this Act shall be a purely personal privilege * * * and shall not constitute property.'"

Under these conclusions, the other questions discussed in the briefs become immaterial.

The judgment of the learned trial court will be affirmed.

Affirmed.

PLEASANTS, C. J., absent.