**BENTON et al. v. LONG et al.**

No. 10819.

Court of Civil Appeals of Texas. Galveston.

Oct. 6, 1938.

Rehearing Denied Dec. 15, 1938.

On Rehearing Jan. 12, 1939.

Motion for Further Rehearing Dismissed May 18, 1939.

Crow & Chessher, of Groveton (C. C. Chessher, of Groveton, of counsel), for plaintiffs in error.

Kennedy & Granberry and Henry Adams, all of Crockett, for defendants in error.

GRAVES, Justice.

This brief statement of the general nature and result of the suit, which is thought to be correct as such, is taken from the brief of defendants in error:

"This suit was filed by plaintiffs in error on the 29th day of September, 1937, by resident citizens of Friendship County Line Common School District No. 26, seeking an injunction to restrain the enforcement of an order of the commissioners' court of Houston County dated August 12, 1937, which order declared the result of an election consolidating such district No. 26 with Kennard Consolidated Common School District No. 33, the election having been held on the 3rd day of July, 1937.

"Plaintiffs in error set up several alleged irregularities and questioned the power of these districts to consolidate. The suit is not an election contest, no notice of contest was served, and the proceeding has in no way been treated as a contest by anyone involved. Plaintiffs in error merely seek, by this proceeding, to have the enforcement of the result of the election restrained, seeking this relief after this election is held void, as they allege it is. They, instead of instituting an election contest, have sought to invoke the general equity jurisdiction of the court and asked the court to first hold the election void, and then, based upon a favorable decision, to have defendants in error enjoined from proceeding to carry out the order of consolidation mentioned above. The trial court in all things refused the injunction so sought."

On consideration of this appeal from the judgment so rendered, it is this Court's conclusion that injunction did not lie in the circumstances thus presented; in other words, that they could not attain either of their objectives—that is, first, to have the consolidation election here involved held void, and then the declaration of its result enjoined by that route, but were remitted by our law and decisions to a statutory election contest, Vernon's Ann.Civ. St. art. 3041 et seq., or a proceeding in the

nature of a quo warranto; these authorities are thought to fully substantiate this conclusion, as well as to support the learned trial court's action: Adamson v. Connally, Tex.Civ.App., 112 S.W.2d 287; Crawford v. Maples, Tex.Civ.App., 114 S. W.2d 696; King's Estate v. School Trustees, Tex.Civ.App., 33 S.W.2d 783; Kuhn v. City of Yoakum, Tex.Com.App., 6 S. W.2d 91; Miller v. School Trustee, Tex. Civ.App., 52 S.W.2d 806; Moore v. Commissioners' Court, Tex.Civ.App., 192 S.W. 805; Phillips v. Daniel, Tex.Civ.App., 94 S.W.2d 1193; Talley v. Benson, Tex.Civ. App., 96 S.W.2d 94; Board of School Trustees v. Bullock Common School District, Tex.Civ.App., 37 S.W.2d 829; Id., Tex.Com.App., 55 S.W.2d 538; Thurston v. Thomas, Tex.Civ.App., 7 S.W.2d 105; 11 Tex.Jur., "Elections", p. 142, sec. 115; 34 Tex.Jur., "Quo Warranto", p. 849, sec. 6.

Since the record discloses that this was an injunction suit pure and simple, affecting a consolidation election held July 3 of 1937, and returns of which were canvassed on the 12th day of July, 1937, no notice of any contest thereof having been served, it is deemed unnecessary to go further into the facts.

The general principles of law deemed to control the cause are thus stated in the two texts cited, supra:

11 Tex.Jur., "Elections", p. 142, sec. 115: "The constitution and statutes have, as above noted, conferred upon the courts jurisdiction over election-contests, and have provided a special procedure by which contests may be tried. This procedure is designed to be final and exclusive, and the courts have no authority to adjudicate cases which come within its purview otherwise than in the manner specified. * * A suit in the nature of a contested election addressed to the general jurisdiction of the district court cannot properly be heard."

34 Tex.Jur., "Quo Warranto", p. 849, sec. 6: "On the other hand, quo warranto is generally conceded to be the only means of inquiring into the right of an alleged corporation to exist and to exercise corporate powers. But where the Legislature has conferred power upon an extra-judicial tribunal to determine the fact of incorporation, quo warranto is not a proper remedy to challenge the existence of the corporation.

"Ordinarily the legality of a water improvement or conservation and reclamation district can be determined only in a quo warranto proceeding instituted by authority of the State. And the same rule applies to inquiries into the validity of the creation of a school district, or of an extension of its territory."

This opinion will accordingly be closed by quoting with approval this conclusion from the brief of the defendants in error: "The above authorities may be applied to the facts in this case in this manner. The election to consolidate the districts was held, and the Commissioners' Court duly passed and entered its order declaring that the election had carried, in that order declaring the consolidation of the districts. The facts disclose that no contest was instituted within thirty days following the order declaring the result of the election. It is settled law that after the lapse of the thirty-day period it is conclusively presumed that the election is valid. All the above authorities point out that injunctive relief can never be granted when the purpose of the suit is to collaterally attack an election. As pointed out in the foregoing, the relief can only be granted in a statutory election-contest, or in a quo warranto contest. Plaintiffs in error, had they so desired, had a proper and an exclusive remedy open to them for the adjudication of their alleged wrongs. They cannot have the matters they complained of investigated in this suit, which is purely an injunction-proceeding."

The learned trial court's judgment will be affirmed.

Affirmed.

PLEASANTS, C. J., absent.

On Motion for Rehearing.

GRAVES, Justice.

The motion of plaintiffs in error for a rehearing thus indites the original opinion in this cause:

"This Honorable Court in its opinion has held as an abstract proposition that injunction will not lie to restrain an order of the Commissioners' Court made pursuant to election forming a school district, and that quo warranto and election contest are the exclusive remedies.

"We believe the law is that injunction will lie when such orders and election are

*void,* for want of lawful authority, and believe that in passing upon such case the court should consider the question of the validity of such orders and election. It is true that in its opinion this Honorable Court stated that 'plaintiffs in error set up several alleged irregularities and questioned the power of the districts to consolidate', but even a casual reading of the assignments of error and propositions will reveal that no 'irregularities' are set up in the brief, but *in fact the whole ground for injunction is predicated upon the proposition that there was no lawful authority for the consolidation of these two districts,* or districts so situated, for the reasons, first, that a county-line school district cannot be changed without the consent of the Commissioners' Court of *both* counties, which was not obtained in this case; second, that there is not legal authority to consolidate two school districts that are not contiguous, which was not true in this case, and third, that there is no legal authority to consolidate a consolidated-school district to a county-line school district, and that such order, purported consolidation, and election, were all void for each and all of said reasons. *This Honorable Court has held that injunction does not lie in such case, without stating whether such order and election were valid or void.*

"If the election and order were void for either of said reasons, then injunction will lie. *This rule was established by the Supreme Court in the case of Parks v. West,* 102 Tex. 11, 111 S.W. 726, in which case the court held that a private citizen could by injunction attack the validity of a school district formed under an unconstitutional law. The rule has been consistently followed."

This criticism is well taken, and error is confessed in the former disposition, in that it was assumed that the attempted consolidation of such districts, Nos. 26 and 33, was not shown to be void but at most only voidable; whereas, upon the reconsideration, since No. 26 was a county-line district, and since the undisputed facts, as well as the trial court's unquestioned findings, show

that the consent of both the Commissioners' Courts to the proposed consolidation was not obtained, the order of the Commissioners' Court declaring the consolidation—as well as the election upon which it was based—were wholly void, as being violative of the express inhibition thus contained in R.S. Article 2744: "Such district [that is, a county-line one] shall not be changed or abolished except by the consent of the commissioners court of each county having territory contained therein, and if, such a district has outstanding bonds the same shall not be changed or abolished in any way until after such bonds are finally paid and discharged."

This holding is made upon a construction of the cited Article dealing with the powers of and limitations upon county-line school districts, as well as upon the authority of these two decisions: Lubbock County School Trustees v. Harral County Line Ind. School Dist., Tex.Civ.App., 95 S.W.2d 204; County School Trustees of Runnels County v. State, Tex.Civ.App., 95 S.W.2d 1001, application for writ of error dismissed.

It is thought the holdings in both these cases were made upon states of fact not in legal effect different from that here obtaining, and that the election and consequent order of the Commissioners' Court looking to the consolidation in this instance were directly violative of the express pronouncement of the quoted statute to the contrary, hence had no legal validity whatever, and that the declaration of such a result was properly subject to restraint by injunction: Kuhn v. City of Yoakum, Tex.Com.App., 6 S.W.2d 91.

Without further discussion, the motion for rehearing will be granted, this court's judgment affirming that of the trial court will be set aside, and judgment will here be rendered in favor of plaintiffs in error, granting the injunction as prayed for in their petition.

Rehearing granted, former judgment of affirmance set aside, trial court's judgment reversed, and cause rendered for plaintiffs in error.