

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 13, 1949

Hon. John Lawhon
Administrator
Texas Liquor Control Board
Austin, Texas

Opinion No. V-854

Re: Validity of a local option
election in which the propo-
sition submitted was: "For
(or against) prohibiting the
sale of malt and vinous bever-
ages not exceeding 14% by
weight."

Dear Sir:

Your request for an opinion is in part:

"There is one county in this State which
has legalized the sale of malt and vinous bev-
erages not exceeding 14% by weight. An elec-
tion was called in this county with the follow-
ing propositions submitted to the voters 'For
prohibiting the sale of malt and vinous bever-
ages not exceeding 14% by weight' and 'Against
prohibiting the sale of malt and vinous bever-
ages not exceeding 14% by weight.'

"I will appreciate your valued opinion as
to wether an election submitting the proposi-
tion as above stated would be valid."

Article 666-Sec. 40, V.P.C., provides specifically the
issues which will be submitted in any local option election. One
such issue, as set out in the statute, reads:

"(b). 'For legalizing the sale of malt and
vinous beverages that do not contain <u>alcohol in
excess of fourteen (14%) percentum by volume</u>'
and 'Against legalizing the sale of malt and
vinous beverages that do not contain <u>alcohol in
excess of fourteen (14%) percentum by volume.</u>'"
(Emphasis added)

Article 666-40a, V.P.C., provides, in part:

"At any time within thirty (30) days after
the result of any local option election held pur-

suant to the provisions of the Texas Liquor Control Act has been declared, any qualified voter of the county, justice precinct or incorporated town or city of such county in which such election has been held, may contest the said election in the District Court of the County in which such election has been held, which shall have <u>original</u> and <u>exclusive jurisdiction</u> of all suits to contest such election. . . . <u>and said court shall have jurisdiction to try and determine all matters connected with said election, including the petition of such election and all proceedings and orders relating thereto, embracing final count and declaration and publication of the result putting local option into effect,</u> and it shall have authority to determine questions relating to the legality and validity of said election . . . and if it shall appear from the evidence that such <u>irregularities</u> existed in bringing about said election or in holding same, as to render the true result of the election impossible to be arrived at, or very doubtful of ascertaining, <u>the court shall adjudge such election to be void,</u> and shall order the proper officer to order another election to be held, and shall cause a certified copy of such judgment and order of the court to be delivered to such officer upon whom is devolved by law the duty of ordering such election. It is further provided that all such cases shall have precedence in the District Court and appellate courts, and <u>that the result of such contest shall finally settle all questions relating to the validity of said election and it shall not be permissible to again call the legality of said election in question in any other suit or proceeding;</u> and provided further, that if no contest of said election is filed and prosecuted in the manner and within the time provided above, it shall be conclusively presumed that said election as held and the result thereof declared, are in all respects valid and binding upon <u>all courts</u>; . . . . "(Emphasis added)

This opinion deals solely with the question of irregularities insofar as they appear in the issues submitted and we do not pass upon any other matters pertaining to the election.

It is the uniform holding of our courts that an election contest is the exclusive remedy of a citizen who feels aggrieved, or harmed, by the results of an election. The invalidity, if any, of an election must be set up in a contest. The reason is that

the Legislature, having set up this special procedure for the adjudication of such issues, that procedure is exclusive and no other remedy is available.

The general rule is announced in 16 Tex. Jur. 142, Elections, Sec. 115:

"The Constitution and statute have conferred upon the Court's jurisdiction over election contests, and have provided a special procedure by which contests may be tried. This procedure is designed to be final and exclusive and the Courts have no authority to adjudicate cases which come within its purview otherwise than in the manner specified."

In Crawford v. Maple, 114 S.W. 2d 696, (Tex. Civ. App. 1938), suit was brought seeking to have the sheriff and all other officers whose duty it was to enforce local options enjoined from enforcing an order declaring the results of a local option election. The court denied the injunction on the grounds that the mode of contesting or determining the validity of an election was prescribed by statute and that that particular mode alone could be resorted to.

Again, in Tally v. Benson, 96 S.W. 2d 94, (Tex. Civ. App. 1936), plaintiff sought a mandamus requiring the proper officers to grant him a permit alleging that a prior local option law was void because of certain irregularities. The Court said, after discussing other phases of the case:

"The proper method of attack upon such an election was by a contest as authorized by the statutes. Such method of attack upon elections has been held to be exclusive and final. . . . The method sought herein was a collateral attack upon such election and cannot therefore be properly entertained. That being true, the election of January 1936 which at most was only voidable, and subject to be set aside, if at all, only by a proper contest thereof; established justice precinct No. 1 as a dry area."

The Court refused to grant a mandamus, and the opinion is positive authority for the proposition that an attack upon an election because of existing irregularities can be heard only in a contest proceeding.

Article 666-40 has been the subject of construction by our courts many times. In election contests the courts have de-

clared that irregularities in the issues appearing in the order calling the election and irregularities appearing in the same issues placed upon the ballot void the elections.

In <u>Hutson v. Smith</u>, 191 S.W. 2d 779, (Tex. Civ. App. 1946), an election contest, the order calling the local option election did not state the issue to be voted on as is specifically required by Art. 666-40. The Court held that:

"... the Commissioners' Court must itself issue the order for a local option election <u>in the manner and form which the Legislature has made mandatory</u>. . . There is no hint in the record that the defective order had any effect upon the result of the election. But we are constrained to hold <u>that the order did comply with the statute</u>, that the statute was mandatory, that consequently the order was void, and that <u>the election held in response to a void order was itself void</u>." (Emphasis added)

Again, in <u>Jones v. Threet</u>, 117 S.W. 2d 560, (Tex. Civ. App. 1938), in local option election contest wherein the ballot did not contain the issue as set out by the statute, the Court held:

"The Legislature having prescribed the form of the issues to be submitted under the conditions which obtained in said subdivision of Archer County, it was obligatory upon the part of the Commissioners Court of said County to submit the issue thus specifically prescribed.

"We are reluctant to hold invalid such an election as this, and thus set aside the will of a majority of the qualified voters who participated in the election, but under the authorities, it is our manifest duty to do so, even though we are convinced that the results of the election would not have been different had the proper ballot been used. . . . . ."

The above authorities in no way alter the general rule of prohibiting a collateral attack upon the results of an election. There can be no doubt but that Art. 666-40a places exclusive authority in the District Courts to determine all matters connected with the election including the petitions, orders, and ballots pertaining thereto. Irregularities in holding a local option election likewise shall be adjudged only by legal contest. It is significant that said statute provides that such a contest

be brought within thirty days after the results have been de-
clared and upon a failure thereof the results of the election as
a matter of law are presumed to be valid and binding on all
courts.  Blaine v. State, 139 S.W. 2d 792 (Tex. Crim. 1940);
Duran v. State, 158 S.W. 2d 720 (Tex. Crim. 1943); and Attorney
General's opinion V-297.

The courts have held in instances where an election
has been called without authority that such election is void ab
initio.  City of Austin v. Thompson, 219 S.W. 2d 57 (Tex. Sup.
1949); City of Dallas v. Dallas Consolidated Electric Street
Railway Company, 105 Tex. 337, 148 S.W. 292 (1912).  These cases
deal with the right and power for the particular election to be
held.  Such a circumstance is clearly distinguishable from the
situation present here.  The errors and irregularities raised in
the present question are those specifically mentioned in Article
666-40a, V.P.C., and it is obviously contemplated by said Article
that irregularities of such a nature should be determined by an
election contest, and are not of sufficient gravity to void the
election ab initio.

In the light of the above authorities it follows that
in the absence of an election called without authority or a
proper election contest, the election must be presumed to be
valid and the results of said election must be given full force
and effect.

## SUMMARY

The insertion of the word "weight" for
"volume" and the ommission of "alcohol" in a
local option election are irregularities which
can be challenged only in an election contest
pursuant to the statutory requirements of
Article 666-40a, V.P.C.  Crawford v. Maple,
114 S.W. 2d 696 (1938); Tally v. Benson, 96
S.W. 2d 94 (1936).  An election not having
been contested within the statutory time will
conclusively be presumed to be valid and bind-
ing on all courts.  City of Austin v. Thompson,
219 S.W. 2d 57 (Tex. Sup. 1949); City of Dallas
v. Consolidated Electric Street Railway Company,
105 Tex. 337, 148 S.W. 292 (1912).

                              Yours very truly

                    ATTORNEY GENERAL OF TEXAS


                    By s/ Joe H. Reynolds
                          Joe H. Reynolds
                          Assistant

JHR:rt:pwb


APPROVED:
s/Price Daniel
ATTORNEY GENERAL