## COUNTY SCHOOL TRUSTEES OF JACKSON COUNTY v. EDNA INDEPENDENT SCHOOL DIST. et al.

### No. 1243–5297.

Commission of Appeals of Texas, Section A.
Jan. 21, 1931.

Guy E. Bonham, of San Antonio, and S. C. Cappel, Jr., of El Campo, for plaintiffs in error.

S. G. Sample, of Edna, for defendants in error.

CRITZ, J.

This suit was brought by the Edna independent school district and its trustees, hereafter designated the Edna district, against the county school trustees of Jackson county, hereafter designated the county board, seeking to enjoin the county board from acting upon a petition filed with said county board praying that said county board detach certain territory from the Edna district, and add same to the Blair common school district No. 26 of said county. The Edna district sought the injunction herein on the grounds that the county board has no authority to act on said petition, or to detach any territory from the Edna district and add same to said Blair common school district while there is any outstanding bonded indebtedness owing by said Edna district. The county board answered, setting up the Act of the 40th Legislature, First Called Session, chapter 7, House Bill No. 140, p. 17 (Vernon's Ann. Civ. St. art. 2729a), as authority for said county board to act upon said petition presented to them as above set out. Said county board further pleaded the provisions of House Bill 99, chapter 84, of the Acts of said First Called Session of the 40th Legislature (Vernon's Ann. Civ. St. art. 2742b), in support of the authority of said county board to change the boundaries of school districts having outstanding indebtedness.

Upon the trial of the case in the district court, judgment was entered in favor of the Edna district, perpetually enjoining and restraining the county board from exercising or attempting to exercise jurisdiction to alter, or change, and from altering or changing the boundary lines, or any boundary line of said Edna district, and from detaching any territory therefrom, or annexing any such territory to said Blair common school district, and from holding a hearing on any application now before them or any of them seeking any such change in any of the boundary lines of the Edna district. The county board duly appealed from this judgment to the Court of Civil Appeals for the First District at Galveston, which court affirmed the judgment of the district court. 9 S.W.(2d) 506. The case is now before the Supreme Court on writ of error granted on application of the county board. We refer to the opinion of the Court of Civil Appeals for further statement of the case.

In our opinion the county board of trustees has no power to detach territory from an independent school district and add the same to a common school district at all in the way and manner here attempted.

As above shown, the county board contends that it has the power under the provisions of chapter 7, Acts First Called Session 40th Legislature, p. 17, and chapter 84 of the same acts, to detach territory from the Edna independent district and annex same to the Blair common school district, on a simple petition signed by a majority of the qualified taxpaying voters of the territory involved.

Chapter 7 is a general act and confers jurisdiction on the county school board to exercise authority theretofore vested in the com-

missioners' court with respect to subdividing the county into school districts. If this law stood alone, then the power to detach territory from the Edna independent district, and annex same to the Blair common school district, would be prohibited under the provisions of article 2766, R. C. S. of Texas 1925, which prohibits the commissioners' court from making any change in any independent school district with an outstanding bonded indebtedness so as to reduce the total value of taxable property in the district. The Edna independent district had outstanding bonds, and the proposed change would reduce the total value of property in the district.

It follows therefore if the county board of trustees has the power to detach territory from an independent school district and attach same to a common school district, that power must be exercised under the provisions of chapter 84, supra. When we examine this act, we conclude that the county board has no power to detach territory from an independent district and annex same to a common school district in the way and manner here attempted, and that regardless of whether the independent district has an outstanding bond issue or not, and regardless of whether this act has effect to modify or repeal article 2766, supra.

An examination of the latter act, chapter 84, with reference to changes in school districts, discloses:

(a) That section 1 has reference alone to the annexation of territory of a common school district contiguous to an independent district, to the independent district. This section in detail provides a method how this can be done, but expressly limits the right of annexation to cases where the common school district parting with the territory shall by election consent thereto. Also this section contains a provision that both districts shall consent by election to the change, and that before the annexation becomes final it must be approved by the County board of trustees.

(b) That section 2 has reference to the detachment of territory contiguous to independent or common school districts, and annexing same to other independent or common school districts by action of the local board of trustees, provided that the change here provided for must be approved by the county board of trustees, etc. Under this section no territory can be detached from a district, common or independent, except by order of its own board of trustees.

(c) That section 4 has reference first to the area of independent districts as applied to the provisions of the act, and further provides that no common school district shall be encroached or reduced in area except by a majority vote of the district.

(d) Section 5 has reference to the incorporation of one, or one or more common school districts into an independent district, on petition of a majority of the tax paying voters, etc.

(e) Section 5a has reference to the consolidation of two or more contiguous common school districts lying in two or more counties, by the county board of school districts of each county, acting on petition, etc., and by election, etc.

(f) Section 5b has reference to consolidation of common school, and common county line districts, also this section provides for the consolidation of such districts with a contiguous independent district in the same or adjoining counties, etc.

The balance of the act has reference to other general matters, except section 3, which we shall discuss later. It is plain that the county school board has no power, under the above-mentioned sections, to detach territory from an independent district and annex same to a common school district without the consent of the board of the independent district, on a simple petition signed by a majority of the tax-paying voters of the territory so sought to be detached and annexed. Therefore if such power is conferred by the act at all, it is by virtue of the provisions of section 3 thereof. That section reads as follows:

"Territory may be annexed to a Common School District upon petition of a majority of the legally qualified property taxpaying voters residing within the proposed annexation by the County Board of School Trustees; provided that whenever a majority of the legally qualified property taxpaying voters residing within any Common School District shall vote so to do, the County Board of Trustees may abolish said Common School District and annex the territory contained therein to one or more contiguous school districts."

When this section is read and considered in the light of the entire act, and the provisions of the section itself carefully inspected, we are convinced that it has no application to independent districts at all. In other words, this section has no application to give a county school board authority to detach territory from an independent district at all, and this whether such district has an outstanding bonded indebtedness or not. Any other construction leads to inconsistencies and would practically nullify other parts of the act. Also a careful reading of the section standing alone convinces us that it has application only to common school districts.

We recommend that the judgments of the Court of Civil Appeals and of the district court be affirmed.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.