## STATE LINE CONSOL. SCHOOL DIST. NO. 6 OF PARMER COUNTY et al. v. FAR-WELL INDEPENDENT SCHOOL DIST. et al.

### No. 1540—5855.

Commission of Appeals of Texas, Section A.
April 28, 1932.

Monning & Akin, of Amarillo, for plaintiffs in error.

W. H. Russell, of Hereford, for defendants in error.

CRITZ, J.

This suit was filed in the district court of Parmer county, Tex., by State Line consolidated school district No. 6 of such county, and its board of trustees, against Farwell independent school district, also of such county, and its board of trustees; also against the county board of trustees of Parmer county and certain other parties not necessary to mention here.

We shall hereafter refer to the parties in the order in which they appeared in the district court, to the common school district et al. as plaintiffs, and to the independent school district et al. as defendants.

The plaintiffs allege, in substance, that on or about the 12th day of June, 1929, while it was a duly and legally constituted school district with an outstanding bonded indebtedness, the county board of trustees of Parmer county entered an order detaching certain territory from it and annexing the same to

the independent district. In this connection the plaintiffs alleged that such order was and is void for various reasons which will be considered later. The prayer seeks to have the court cancel and hold for naught the above order, and further seeks to enjoin the independent district from exercising jurisdiction over such territory.

The case was tried in the district court on an agreed statement of facts, and judgment entered for the defendants. On appeal by the plaintiffs, the Court of Civil Appeals held that the district court had no jurisdiction over the subject-matter of the suit and dismissed the case. 41 S.W.(2d) 500. The plaintiffs bring error.

The Court of Civil Appeals holds that the plaintiffs should have appealed from the order of the county board to the higher school authorities, as provided by the statutes of this state, as a condition precedent to the right to invoke the jurisdiction of the district court. We are of the opinion that such holding is error.

It is true that our laws provide in certain instances that the orders and proceedings of county school boards can only be questioned by appeal to higher school authorities, but, when a school board acts without authority of law and contrary to express statute, and in such a manner that its act is void, then the courts of the land may be appealed to directly without first exhausting the remedy of appeal through the school authorities. County School Trustees of Jackson County v. Edna Independent School District (Tex. Com. App.) 34 S.W.(2d) 860; Brockman v. Echols (Tex. Civ. App.) 22 S.W.(2d) 686; Collin County School Trustees v. Stiff (Tex. Civ. App.) 190 S. W. 216 (writ ref.); Freeport Independent School District v. Common School District, 115 Tex. 133, 277 S. W. 97; Henderson v. Miller (Tex. Civ. App.) 286 S. W. 501 (writ ref.).

In connection with the above we hold that the county board of trustees is an administrative body with certain defined powers and duties. It can only exercise such powers and perform such duties as are expressly defined by statute, or necessarily implied therefrom. As long as such board acts within lawful limitations its judgment and discretion can only be questioned by appeal to higher school authorities, but, when it goes outside its statutory limitations and acts without authority of law, its acts are void and may be questioned in a court action without the formality of an appeal to the higher school authorities.

We now come to consider the validity of the order here attacked at the time it was passed.

The case was tried on the 14th day of January, 1930, on an agreed statement of facts. These facts show that the plaintiff is a common school district and the defendant an independent school district; that the two districts were such on the 12th day of June, 1929; that the two districts on said date were contiguous; that on said date the county board of trustees made and entered an order detaching the territory here in dispute from the plaintiff and annexing same to the defendant; that said order was made on the simple petition of a majority of the qualified taxpaying voters of the detached and annexed territory, together with the consent of the board of trustees of the independent school district; that at the time said order was entered the plaintiff had outstanding bonds which could be paid at any time amounting to about $500; that at the time of trial there was $440 in the sinking fund available to pay these bonds, and defendant had paid into the registry of the court the other $60; that the plaintiff will not be reduced below the minimum area allowed by law by the order here questioned, and that the population of the Farwell independent school district, as shown by the scholastic census of said district for the scholastic year 1928–1929, was 217, and, as shown by the scholastic year 1929–1930, was 203.

As above shown, the order of the county school board here under attack was passed on June 12, 1929. At the time this order was passed chapter 84, H. B. 99, Acts First Called Session of the 40th Legislature, 1927 (Vernon's Ann. Civ. St. art. 2742b and note), was in effect. In the case of County School Trustees of Jackson County v. Edna Independent School District (Tex. Com. App.) 34 S.W.(2d) 860, we fully construed the above act and held that the county board was without power, under the act in question, to detach territory from a common school district and attach same to an independent school district in the way and manner here attempted. In that case we fully discussed and construed the several applicable statutes, and no good purpose can be served by a further discussion here. The order attempting to detach the territory here involved from the common school district and attach same to the independent school district in the manner here attempted was void at the time of its passage and is still void unless some general validating act enacted by the Legislature since the passage of the order has operated to validate the independent district as changed. The defendant contends that section 1 of chapter 18, Acts Second Called Session 41st Legislature, being article 2744c, Vernon's 1931 Pocket Supplement, has operated to validate the Farwell district as changed. The act in question reads as follows: "All acts and proceedings of the County Board of School Trustees in any counties in this State in consolidating territory to any Independent School District having a scholastic population of not less than 140 and not more than

250 according to the last scholastic census, and all acts and proceedings of such board in any way relating to such consolidation, are hereby ratified, validated and approved. Any such acts or proceedings are hereby ratified, validated and approved even though one or more members of said Board were teachers at the time of performing such acts or proceedings. (Acts 1929, 41st Leg., 2nd C. S., p. 31, ch. 18, § 1)."

As above shown, the agreed statement of facts shows that the Farwell district had a scholastic population for the scholastic year 1928–1929 of 217 and a scholastic population for the school year 1929–1930 of 203.

It is evident from the above that the act in question is the general act and has operated to validate the Farwell independent school district, as changed by the order in question here. Desdemona Independent School District v. Howard (Tex. Com. App.) 34 S.W.(2d) 840; Brown v. Truscott Independent School District (Tex. Com. App.) 34 S.W.(2d) 837.

From what we have said it is evident that we hold that the order of the county school board at the time it was passed was void, and therefore the Court of Civil Appeals was in error in holding that the district court had no jurisdiction of the case. We further hold, however, that the district is now valid by virtue of the validating act, supra.

We recommend that the judgment of the Court of Civil Appeals which dismissed the cause be reversed, and that the judgment of the district court be affirmed. The plaintiffs should pay all costs in all courts.

CURETON, C. J.

Judgment of the Court of Civil Appeals is reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.