## BOARD OF SCHOOL TRUSTEES OF YOUNG COUNTY et al. v. BULLOCK COMMON SCHOOL DIST. NO. 12 et al.

### No. 1591—5966.

Commission of Appeals of Texas, Section A.

Dec. 22, 1932.

S. A. Penix, Fred T. Arnold, and Marshall & King, all of Graham, for plaintiffs in error.

C. W. Johnson, Jr., of Fort Worth, for defendants in error.

HARVEY, P. J.

On May 27, 1930, the county board of school trustees of Young county detached from Bullock common school district No. 12 of that county an area of said district's territory comprising about 1,629 acres of land, and annexed same to the Graham independent school district. The area detached from the Bullock district was less than 10 per cent. of the territory of said district. For present purposes, the action of said county board in making such change will be taken as being in all respects in conformity to the provisions of the act of the Legislature, which we shall designate as House Bill 25, and which constitutes chapter 47, First Called Session of the 41st Legislature (1929), page 106. The Bullock common school district, acting through its trustees, brought this suit against the said county board, the Graham independent school district, and the county school superintendent of Young county, seeking judgment declaring invalid the order entered by said county board which purports to change the boundary lines of the Bullock district as indicated above. Among the alleged grounds for such invalidation is the failure of the county board to give notice to the trustees of the Bullock district to appear before the county board for a hearing, in regard to the proposed change, as provided in section 2 of what we shall designate as House Bill 220, being chapter 109 of the Acts of the 41st Legislature (1929), First Called Session, page 259 (Vernon's Ann. Civ. St. art. 2742e, § 2). It seems that on the same day the county board made the order for said change of boundaries, some sort of hearing was held by said Board, but the trustees of the Bullock district were not notified of such hearing, and did not learn of it until some time after

the order making the change in the boundary lines of said district had been put into effect. The trial court gave judgment in favor of the Bullock district, invalidating the order of the county board purporting to change the boundary lines of said district. The Court of Civil Appeals affirmed the judgment of the trial court. 37 S.W.(2d) 829.

The controlling question before us goes to the legal effect of the failure of the county board to notify the Bullock district trustees of the hearing held by the county board, in consequence of which failure said trustees were not afforded an opportunity to be heard in respect to the proposed change of the boundary lines of said district. This calls for a consideration of House Bill 25 and House Bill 220. Both of these acts were passed in the year 1929, at the same session of the Legislature; and both were in effect when the change in question was made by the county board. House Bill 25, so far as need be set out here, reads as follows:

"Section 1. In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the district to which the annexation is to be made approves, by majority vote, the proposed transfer of territory and provided, further, that where the territory to be detached exceeds ten per cent. (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached. The petition shall give the metes and bounds of the territory to be detached from the one and added to the other district and must be signed by a majority of the qualified voters residing in the said territory so detached. Upon receipt of the said petition, duly signed, and upon notice of the approval of the proposed annexation by the Board of Trustees of the district to which the territory is to be added, the County Board of Trustees shall pass an order transferring the said territory and redefining the boundaries of the districts affected by said transfer, the said order to be recorded in the Minutes of the County Board of Trustees. Provided that no school district shall be reduced to an area of less than nine square miles."

House Bill 220, so far as need be set out, including the caption to the act, reads as follows:

"An Act validating the actions of the County Board of School Trustees in changing boundary lines of Common School Districts in counties having a population of not less than 9,000 nor more than 9,010, according to the United States Federal census of 1920; giving the County Board of School Trustees in all counties authority to make changes in all Common School Districts, to create Common School Districts, to subdivide districts; providing in case any provision of this Act shall be held unconstitutional or invalid then such holdings shall not affect the remaining provisions; and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. That all acts of the County Board of School Trustees in counties having a population of not less than 9,000 and not more than 9,010 according to the United States Federal census of 1920, in changing boundary lines of Common School Districts under the jurisdiction of said County Board, shall be and are hereby validated, and that all Common School Districts in said counties, whether created by General or Special Law in this State or by order of the County Board of Trustees, heretofore laid out and attempted to be established or changed by the County Board of Trustees or other proper officers of any such counties and recognized by either State or County authorities as school districts and the orders of said County Board in making certain changes in Common School District boundary lines are hereby validated in all respects as though they had been duly and legally established in the first instance.

"Sec. 2. That on and after the passage of this Act the County Board of School Trustees in any county in this State shall have authority and full power to create Common School Districts, to subdivide districts, and to change boundary lines of any or all Common School Districts legally coming under the jurisdiction of the County Board of School Trustees, subject to the supervision of the District Court having jurisdiction over the county where the County Board is appointed or elected; provided that before any changes may be made in boundary lines of school districts the trustees of the Common School Districts affected shall be notified to appear before the County Board for a hearing, and after said hearing, or the date set for said hearing, the County Board of Trustees may pass such order or orders as will carry out the provisions of this Act; provided, further, that the trustees of the districts affected may appeal from the decision of the County Board to the District Court." Vernon's Ann. Civ. St. art. 2742e, §§ 1, 2.

It is to be noticed that House Bill 25 concerns school districts generally, whereas the other act has reference to common school districts. It is further noted that the first-mentioned act contains no provision relative to notice and hearing; whereas section 2 of the other act does. The plaintiff in error contends that such provision in the last-mentioned act can, in no event, be given application, for the reason that said act, as a whole, is void under that portion of section 35,

article 3, of the State Constitution, which provides that "No bill * * * shall contain more than one subject, which shall be expressed in its title."

The principal inquiry thus presented is whether the assailed act embraced more than one subject, within the meaning of the above provision of the Constitution. A careful examination of the provisions of the act, as an entirety, discloses quite clearly that the general subject-matter of the act is the providing of authority for the construction of common school districts in the state, including the alteration of their boundary lines. Sections 1 and 2 constitute the main body of the act. Each of those sections deals with a part of the same general subject-matter. The provisions of one section relate to common school districts in counties of the class there designated, and purport to provide authority, retrospective in operation, for the construction of those districts and the alteration of their boundary lines. The other section provides authority, prospective in operation, for the construction of common school districts generally, and for the alteration of their boundary lines. There can be no doubt, in view of the authorities, that the act, as a whole, embraces but one subject, within the meaning of the Constitution, and that the various provisions thereof are germane to that subject. McMeans v. Finley, 88 Tex. 515, 32 S. W. 524; Morris v. Gussett, 62 Tex. 728. Inasmuch as the caption of the act sets out the substance of the body of the act, it is hardly necessary to say that, in our opinion, the subject of the act is sufficiently revealed in the caption, and the act does not fall under condemnation of the constitutional provision mentioned. So far, we have not adverted to the contention of counsel to the effect that section 1, being essentially of the nature of a local or special law, is invalid under other provisions of the Constitution. We do not pause to consider this question. For, whether that section of the act be invalid or not, same may be taken into consideration, as we have done, in ascertaining the general subject-matter embraced by the act as a whole, and concerning which the Legislature purposed to legislate. Besides, even though section 1 be invalid, as asserted by counsel, still its invalidity does not affect the validity of the other section, since section 3 (Vernon's Ann. Civ. St. art. 2742e note) provides a saving clause to that effect.

We are in accord with the holding of the Court of Civil Appeals, in this case, to the effect that the two acts mentioned, having been passed at the same session of the Legislature, and both comprehending the matter of authority in the county board of school trustees to change boundary lines of common school districts, should be construed together as being supplementary to each other in the last-named respect. So construing said acts together leads to the conclusion that the Legislature intended the provision for notice and hearing, contained in section 2 of House Bill 220, to operate as a limitation of the authority conferred on the county board by the other act, so far as a change in the boundary lines of a common school district is involved. Compliance with said provision was prerequisite to the exercise, by the county board of school trustees of Young county, of authority to change the boundary lines of the Bullock common school district, and, since there was no such compliance, the order for such change was unauthorized and therefore is invalid. The district had the right to apply directly to the courts, in the first instance, for relief against said invalid order. State Line Consolidated School District v. Farwell Independent School District (Tex. Com. App.) 48 S.W.(2d) 616.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals affirming same be affirmed.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.