The appellees sought and obtained a temporary injunction against the board of county school trustees of Lubbock county and the Shallowater rural high school district as bodies corporate, and against their respective governing bodies, both in their official and individual capacities, restraining each and all of them in substance from annexing the Harral County Line independent school district to the said Shallowater rural high school district, and from interfering with the management, control, and operation of said Harral County Line independent school district.
The substance of the essential facts are: In July, 1916, two common school districts lying adjacent to each other and the common boundary line between Hale and Lubbock counties, the one in Hale and the *Page 205 
other in Lubbock county, were consolidated by order of the county school trustees of the two counties aforesaid. It was designated as Harral County Line school district, and supervision of same was given the county school trustees of Lubbock county. Thereafter, in 1925, the Legislature created from this territory, with the exception of a few sections, the Harral County Line independent school district. Thereafter, the county school trustees of Lubbock county grouped two districts lying in Lubbock county into the Shallowater rural high school district, and then attempted to annex the said Harral County Line independent school district thereto, or otherwise expressed, attempted to group the two into one. This suit followed, and the facts from this point on are found and set out by the trial court which we now copy:
"That an election was to be called on the 15th day of August, 1935, by the County School Trustees of Lubbock County, Texas, calling an election to be held within the Shallowater Rural High School District and the Harral County Line Independent School District, which election was called over the active and open protest of the School Board and the citizens of Harral County Line Independent School District.
"That said election was called without the written or verbal consent of the County School Trustees of Hale County, Texas, and that the proposed rural High School District contained an area of over one hundred square miles and that some twenty sections of land in the proposed rural high school district and in the Harral County Line Independent School District lies and is situated in Hale County, Texas.
"That the school board and the citizens of said Harral County Line Independent School District verbally protested said election after the same was called, and upon said protest being ignored and refused filed this suit in this court on the 3rd day of September, 1935, four days prior to the date said election was to be held, and the Board of Trustees of Hale County, Texas, joined by 114 resident citizens of Harral County Line Independent School District immediately intervened in said suit and adopted the plaintiff's pleading, protested against said election and grouping and asked the same relief that the plaintiffs prayed for, and a hearing was had on said petition and prayer for a restraining order on the 5th day of September, 1935, and said cause was passed until after the election was had as called on this 7th day of September, 1935, and at which election the votes cast `for grouping' in the whole proposed district were 114 `for grouping' and 45 `against grouping' and that the vote in the Harral County Line Independent School District was 16 `for grouping' and 36 `against grouping' and that on the night of September 7th, 1935, the County School Trustees of Lubbock County met and canvassed the returns of said election, certified the results for grouping said schools and on the same night appointed trustees and forthwith transmitted this information to the Shallowater Rural High School District Trustees, then in session, and thereupon on the same night at 11 P. M. the newly appointed trustees of the purported newly created Shallowater Rural High School District took the oath of office and forthwith started to act, employed R. L. Hooten as superintendent and on Sunday September 8th, 1935, the said R. L. Hooten appeared in person at the Harral County Line Independent School District building and issued orders for the superintendent of the aforesaid Harral Independent School District to report for duty at the Shallowater building on Monday morning, September 9th, 1935, and directed that the eighth and ninth grades of said Harral Independent School District attend school at Shallowater and attempted to assume custody and control of said Harral school."
Because the said trustees were acting under authority of article 2922c, R.S. 1925, and failed to comply with article 2922d, requiring the written consent of the county trustees of Hale county to its aforesaid action, the trial court held void its orders respecting same, and issued the injunction as prayed for.
It is our opinion that a correct judgment was entered.
We are not able to agree with appellants' contention that the consent of the Hale county board of trustees was not necessary to the creation of a valid county line rural high school district.
Originally there existed no constitutional authority for the creation of a county line school district. Parks et al. v. West et al., 102 Tex. 11,111 S.W. 726. *Page 206 
Our State Constitution was amended so as to vest in the Legislature the power to provide for the formation of school districts, which "may embrace parts of two or more counties." Const. art. 7, § 3, as adopted in 1927. In conformity to the constitutional authority thus granted, the Legislature provided generally for the creation of rural high schools (see chapter 19A, Vernon's Ann.Civ.St.), and as part of said chapter there appears article 2922d, in the following pointed language: "The county board of trustees of two or more adjoining counties shall have the authority, upon the written order of a majority of the members of each county board concerned, to establish a county line rural high school district, and to designate the county which shall have supervision of said county line rural high school district. Said county line rural high school district shall be governed as other rural high school districts herein provided for." It is an accepted rule of statutory construction that where the performance of a certain thing in a particular manner or by a particular person is directed, there is an implied command that it be not done otherwise, or by some other person. 59 C.J. p. 984, and numerous authorities there cited. Here the inhibition against the annexation of the territory of one county to that of another for the purpose of creating a rural high school district, without its consent given in the manner provided in said article 2922d, is, under the above rule, plainly prohibited. We do not consume space here in detailing the reasons which occur to us for such a provision, as we are not concerned with the wisdom of legislative enactments. Much emphasis is placed by appellants upon the right of Lubbock county trustees to take the action aforesaid because Hale county had theretofore surrendered to Lubbock all supervision of the school situated in the territory embraced in the Harral County Line district, and which included a part of Hale county, and same had been exercised continuously since about 1916. The Legislature must have known, when it enacted said article 2922d, that there was probably then, or would thereafter be, numerous county line school districts, both common and independent. Naturally each of these would have to be supervised from one county to avoid confusion. If the mere right of supervision gave the legal right of annexation to form rural high schools, why enact said article 2922d, in its present broad language, for in every case where a common or independent district had been formed, such right of supervision in one or the other of the two or more counties would be present? Undoubtedly, the legislative intent was to prohibit any such annexation of territory upon the present facts, for the situation here is to our minds plainly what could have been foreseen as existing in many cases when article 2922d was cast into its present verbiage. The language is specific and admits of no doubt. The present situation is not made an exception, as it should have been, and could easily have been, if such had been intended.
Nor can we agree with appellants that appellees' remedy is solely and alone a quo warranto proceeding. They promptly filed a suit for injunction when the annexation was threatened. Such suit was pending trial when the aforesaid action was taken. The purported corporation thus attempted to be formed was not a de jure one, because in our opinion the unilateral act of the trustees of Lubbock county was a nullity. There was no kind of acquiescence by the parties adversely interested. The state had not recognized such purported rural high school district, nor had the inhabitants of Harral County Line independent school district or the proper school officials of Hale county. On the contrary, the latter promptly and continuously protested such action. There was not even a form of corporation brought into existence, save what is shown by the hasty action of the school authorities of Lubbock county recited above, and done while this suit was pending. Appellees promptly moved to nullify such action.
We are of the opinion that an injunction suit was proper and will not here enter into a discussion of the refined and subtle differences sometimes drawn between rights under an injunction and quo warranto proceeding. The following authorities sustain our view: Freeport Ind. School Dist. et al. v. Common School Dist. No. 31 et al., 115 Tex. 133,277 S.W. 97; Parks v. West, 102 Tex. 11, 111 S.W. 726; Fritter et al. v. West et al. (Tex.Civ.App.) 65 S.W.2d 414 (writ ref.); County Board et al. v. Wilson et al. (Tex.Civ.App.) 15 S.W.2d 144.
Judgment affirmed. *Page 207