

# THE ATTORNEY GENERAL

## OF TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Olan R. VanZandt
County and District Attorney
Grayson County
Sherman, Texas

Dear Sir:

Opinion No. O-6868
Re: Authority of county board of trus-
tees of Grayson County to detach a por-
tion of the territory of Southmayd Com-
mon School District and anned it to
Dorchester Independent School District.

We are in receipt of your letter of recent date requesting an opinion from this department on the above stated matter, accompanied by a letter ad-dressed to you from the county school superintendent of Grayson County. The letter from the county school superintendent attached to your request reads as follows:

"On March 26, 1946 an election was held in Pleasant Home School Dis-trict No. 61 to determine whether or not Pleasant Home Common School District No. 61 should consolidate with Southmayd Common School District No. 117.

"On the same day Southmayd School District No. 117 voted on said con-solidation.

"The votes polled in Pleasant Home were 48, 30 for consolidation and 18 votes against consolidation. The votes cast in Southmayd were 34, all for consolidation — none against.

"Dorchester District No. 33 has, upon petition signed by persons liv-ing in, and persons owning propert in a part of Pleasant Home District No. 61. requested the Grayson County School Board to detach a part of the terri-tory of the original Pleasant Home District and attach to Dorchester #33.

"The question involved: 'Does the County Board have authority to make detachment from Southmayd Consolidated School District No. 117 and attach to Dorchester District No. 33?'"

It is our understanding, from the above quoted letter and from a recent conference with Mr. Ray B. Short, County School Superintendent of Grayson County, that the Pleasant Home Common School District No. 61 and the Southmayd Common School District No. 117 have been duly and legally consolidated and that the territory formerly comprising the original two districts now comprises the territory of a legally constituted new

Consolidated
common school district known as Southmayd/Common School District. We understand further that you desire our opinion as to whether the County School Board of Grayson County is authorized to detach a portion of the Southmayd Consolidated Common School District and annex such territory to the Dorchester Independent School District.

The case of County School Trustees of Orange County v. District Trustees of Prairie View Common School District No. 8, 137 T. 125, 153 S.W. 2d 434, involved the question of the authority of the County School Board to detach a portion of the territory of a common school district and annex such territory to an indpendent school district. In the opinion the Supreme Court pointed out that an Act of 1935, which proposed to amend Article 2742f, was unconstitutional and held that the matter of detaching territory from a common school district and annexing it to an independent school district was governed by Section 2 of Article 2742e and by Section 1 of Article 2742f, construed together. In this connection, the Court said:

"An examination of our statutes discloses the fact that when we eliminate the Act of 1935, this case must be governed by Section 2 of Article 2742e, Acts 1929, 41st Leg., 1st C.S. p. 259, ch. 109; and Section 1 of Article 2742f, Acts 1929, 41st Leg., 1st C.S. p. 106, ch. 47. Board of School Trustees of Young County v. Bullock Common School Dist. No. 12, Tex. Comm. App., 55 S.W. 2d 538, 539. In the case just cited it was held:' Both of these acts were passed in the year 1929, at the same session of the Legislature; and both were in effect when the change in question was made by the county board.' Further in the opinion it was held: 'It is to benoticed that House Bill 25 concerns school districts generally, whereas the other act has reference to common school districts. It is further noted that the first-mentioned act contains no provision relative to notice and hearing; whereas section 2 of the other act does.' Finally the opinion holds: 'We are in accord with the holding of the Court of Civil Appeals, in this case, to the effect that the two acts mentioned, having been passed at the same session of the Legislature, and both comprehending the matter of authority in the county board of school trustees to change boundary lines of common school districts, should be construed together as being supplementary to each other in the last-named respect.' As a matter of convenience to those examining this opinion in the future, we deem it expedient to quote the two statutes which we think govern this case.

"'Sec. 2. (Art. 2742e) That on and after the passage of this Act the County Board of School Trustees in any county in this State shall have authority and full power to create common school districts, to subdivide districts, and to change boundary lines of any or all common school districts legally coming under the jurisdiction of the County Board of School Trustees, subject to the supervision of the District Court having jurisdiction over the county where the County Board is appointed or elected; provided that before any changes may be made in boundary lines of school districts the trustees of the common school districts affected shall be notified to appear before the County Board for a hearing, and after said hearing, or the date

set for said hearing, the County Board of Trustees may pass such order or orders as will c arry out the provisions of this Act; provided, further, that the trustees of the districts affected may appeal from the decision of the County Board to the District Court.' Acts 1929, 41st Leg., 1st C.S., p. 259, ch. 109.

"'Sec. 1. (Art. 2742f) In each county of this S_ate, the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the district to which the annexation is to be made approves, by majority vote, the proposed transfer of territory and provided, further, that where the territory to be detached exceeds ten per cent (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached. The petition shall give the metes and bounds of the territory to be detached from the one and added to the other district and must be signed by a majority of the qualified voters residing in the said territory so detached. Upon receipt of the said petition, duly signed, and upon notice of the approval of the proposed annexation by the Board of Trustees shall pass an order transferring the said territory and redefining the boundaries of the districts affected by said transfer, the said order to be recorded in the Minutes of the County Board of Trustees, provided that no school district shall be reduced to an area of less than nine square miles.' Acts 1929, 41st Leg., 1st C.S. p. 106, c. 47."

With further reference to the statutory provisions relative to the notice required and the hearing to be held by the County Board of Trustees before territory may be transferred from a common school district, in the case of Board of Trustees of Young County v. Bullock Common School District No. 12, Tex. Comm. App., 55 S.W. 2d 538, above referred to, the Court said:

"So construing said acts together leads to the conclusion that the Legislature intended the provision for notice and hearing, contained in section 2 of House Bill 220 (Sec. 2, Art. 2742e) to operate as a limitation of the authority conferred on the county board by the other act (Sec..1, Art. 2742f) so far as a change in the boundary lines of a common school district is involved. Compliance with said provision was prerequisite to the exercise, by the county board of school trustees of Young County, of authority to change the boundary lines of the Bullock Common School District, and, since there was no such compliance, the order for such change was unauthorized and therefore is indirectly to the courts, in the first instance, for relief against said invalid order." (Parenthesis ours)

In view of the above and foregoing, you are advised that the County Board of Trustees is authorized to detach a portion of the territory from a common school district and annex said territory to a contiguous independent school district, subject to the conditions prescribed by Section 1

of Article 2742f, and Section 2 of Article 2742e. We point out further that the County School Board is vested with the discretion to determine whether the power given it by the above mentioned provisions shall be exercised in any given case. (Prosper Independent School District v. Collin County School Trustees, 51 S.W. 2d 748, affirmed 58 S.W. 2d 5).

Under the above mentioned statutory provisions, the County Board of Trustees of Grayson County would be authorized to detach a portion of the Southmayd Consolidated Common School District and annex said territory to the Dorchester Independent School District subject to the following conditions:

1. A petition setting forth the metes and bounds of the territory proposed to be detached from the Southmayd Consolidated District signed by a majority of the qualified voters residing in said territory must be submitted to the County Board. We call your attention that the term, "metes and bounds" is defined in Ballentine's Law Dictionary, p. 814 as follows: "The boundary lines and corners of a piece of land." In this connection see Grand Lodge of the Order of the Sons of Hermann v. Curry, 108 S.W. 2d 574; Lefler v. City of Dallas, 177 S.W. 2d 231.

(We note further than when the territory proposed to be detached "exceeds ten per cent (10%) of the entire District," the above mentioned petition "must be signed by a majority of the Trustees of said District in addition to a majority of the qualified voters of the District to be detached".)

2. The Board of Trustees of the Dorchester Independent School District must approve, by a majority vote, the proposed transfer of territory.

3. "Before any changes may be made in the boundary lines" of the above named school districts, the Trustees of the Southmayd Consolidated District "shall be notified to appear before the County Board for a hearing."

4. Upon receipt of a proper petition and the above mentioned notice of the approval of the proposed annexation by the Board of Trustees of Dorchester District, "and after said hearing, or the date set for said hearing," the County Board of Trustees, in its sound discretion, may pass an order transferring the territory from the Southmayd Consolidated district to the Dorchester District and redefine the boundaries of said districts, "said order to be recorded in the Minutes of the County Board of Trustees."

5. No district shall be reduced to an area of less than nine (9) square miles.

We point out further that the "trustees of the districts affected may appeal from the decision of the County Board to the District Court."

APPROVED MAY 4, 1946
/s/ Carlos Ashley
FIRST ASSISTANT ATTORNEY GENERAL
JAE:djm: egw

Yours very truly

ATTORNEY GENERAL OF TEXAS
By /s/ J. A. Ellis
J. A. Ellis
Assistant