

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 12, 1947

Hon. L. A. Woods, State Superintendent
State Department of Education
Austin, Texas

Opinion No. V-452.

Re: Jurisdiction of
the State Super-
intendent of an
appeal from the
decision of a
county board
transferring a
portion of one
school district
to another.

Dear Sir:

Your letter and statement attached reflect that upon a petition signed by a majority of the qualified voters in the area detached, the County Board of School Trustees of Colorado County entered an order transferring a portion of the Consolidated Eagle Lake Independent School District to the Columbus Independent School District. The territory transferred was less than 10% of the Eagle Lake District. The Eagle Lake District, being dissatisfied with the action of the County Board, has appealed to you, the State Superintendent. The Columbus District and the County Board have filed with you a motion to dismiss the appeal on the ground that you have no jurisdiction to hear the case. You have asked us to advise you whether you have such jurisdiction.

In 1920, the Texas Supreme Court, acting through its Commission of Appeals, decided the case of Jennings v. Carson, 220 S.W. 1090. There, in a dispute over a school district boundary line similar to the present one, appeal was taken directly from the county board to the District Court under the statute which provided that the District Court shall have general supervisory control of the actions of the county board in creating, changing, and modifying school districts. (Now Art. 2682).

Notwithstanding that statute, it was held that appeal must be taken first to the State Superintendent. The Court held that the above statute was applicable after appeal had been made within the school system itself. The decision was based upon what is now Article 2656, which provides in part:

"The State Superintendent shall be charged with the administration of the school laws and the general superintendency of the business relating to the public schools of the State . . . He shall hear and determine all appeals from the rulings and decisions of subordinate school officers, . . . ." (Emphasis added)

With reference to the above statute the Court said:

"The county trustees . . . being subordinate school officers, the language of the article quoted is all-inclusive as to the appeals from their decisions that shall be heard by the State Superintendent of Public Instruction. No exception is provided."

Under this holding of our Supreme Court, the State Superintendent clearly has the authority and the duty to hear such appeal.

In 1932 the Supreme Court, acting through its Commission of Appeals, handed down its decision in State Line Consolidated School District v. Farwell, 48 S.W. (2d) 616, which made an exception to the rule of the Jennings case, above cited. The exception there stated was that an appeal might be taken directly from the county board to the District Court where the school board acted without authority of law, contrary to an express statute, and in such a manner that its acts were absolutely void.

But that case did not decide that if an appeal had been taken to the State Superintendent, he would not have had jurisdiction to hear the case. The Court merely held that such step in the appellate procedure could be omitted. The Jennings case, above discussed, has never been overruled; and but for the exception made in the Farwell case, it is still the law.

The Jennings case is followed in County Trustees, etc. v. Bell Point Common School District, 229 S. W. 697. The Farwell case is followed in Board of School Trustees, etc. v. Bullock Common School District, 55 S. W. (2d) 538, and in County School Trustees of Callahan County v. District Trustees, etc., 192 S.W. (2d) 891.

In the case presented to you, the complete facts of which are not available to us, if it was shown that the acts of the County Board were contrary to law and absolutely void, appeal might have been taken directly to the District Court under the Farwell case. That, however, was not done. Such being the case, you are respectfully advised that you have the power and duty to hear the appeal in this case under Article 2656 and the Jennings case.

## SUMMARY

The State Superintendent of Public Instruction has jurisdiction to review the action of a County Board of School Trustees changing a boundary line between two independent school districts, notwithstanding the provisions of Art. 2682. Art. 2656, Jennings v. Carson (Comm. App., 1920), 220 S.W. 1090; State Line C. S. D. v. Farwell (Comm. App., 1932), 48 S.W. (2d) 616.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Price Daniel*

ATTORNEY GENERAL

By *Joe R. Greenhill*

Joe R. Greenhill
Executive Assistant

By *Chester T. Ollison*

Chester Ollison
Assistant

JRG:erc