**Ruth FOULKS et al., Appellants,**

v.

**CHINA SPRING INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

**No. 4874.**

Court of Civil Appeals of Texas, Waco.

March 26, 1970.

Rehearing Denied April 16, 1970.

W. C. Haley, Gene Farr, Waco, for appellants.

Stanley Rentz, Waco, for appellees.

## OPINION

WILSON, Justice.

The sole question for determination in this school district annexation matter is whether appellants were required to appeal from the order of annexation, as the trial court determined, or whether appellants could properly attack the order initially by petition for injunction as they unsuccessfully sought to do.

The material facts are stipulated: Bosqueville Independent School District lies wholly within McLennan County. It has 139 scholastics. China Spring Independent School District is a contiguous county line independent school district lying partly in McLennan and partly in Bosque County. Its scholastics number 310. On July 1, 1969, without previously attempting to obtain concurrence of the Bosque County School Board, the McLennan County School Board ordered that Bosqueville Independent School District be annexed to the China Spring district, with the latter acquiring assets and assuming liabilities of the former. The McLennan County Board thereafter formally requested the Bosque County Board to concur in the annexation. On August 4, 1969 the Bosque County Board unanimously disapproved, rejected and refused to concur in the annexation.

The China Spring district and the McLennan County School Board sued the trustees of the Bosqueville district, alleging the latter district had been abolished by the annexation order, praying for injunction restraining any further attempts to operate the Bosqueville district and interference with transfer of Bosqueville property and records. Bosqueville's answer included pleas in abatement and a cross-action praying for injunction restraining interference with the operation of the Bosqueville district by China Spring or the McLennan County Board. It also asked that the annexation order be declared void. Bosqueville taxpayers filed a plea in intervention attacking the annexation order.

China Spring answered Bosqueville's cross-action by a plea in abatement to the effect that the defendant district trustees had no capacity to maintain a cross-action, since the Bosqueville district had been abolished; and a plea that the court was without jurisdiction because no appeal from the July 1 annexation order of the McLennan County Board had been taken as provided by Art. 2686, Vernon's Ann.Civ. Stat.

The trial court concluded from the pleadings and stipulations that Bosqueville was validly annexed to China Spring by the July 1 order "for the reason defendant-cross plaintiffs failed to appeal" as required by Art. 2686. Appellants' pleas in abatement were overruled, and those of appellees sustained. Appellants' cross-action was dismissed, and injunction was granted as prayed for by China Spring, and the McLennan County Board.

The annexation order recites it was adopted pursuant to Art. 2922a, Vernon's Ann.Civ.St.[1] This statute authorized an-

1. Acts 1969, 61st Leg., p. 2735, ch. 889, the Texas Education Code, repealed and substituted other provisions for this and some other statutes relating to public education. See, e. g., Secs. 19.102, 19.131, 19.001, Texas Education Code, effective September 1, 1969. Material portions of Art. 2922a are quoted n. 4, infra.
Article 2922d V.A.C.S. provides: "The county board of trustees of *two* or more

nexation of certain independent school districts to others, but it only empowered the county school trustees of *"each* county" to so act.

■ The attempted unilateral annexation of a district in McLennan County to a district in Bosque County or a grouping of the two without the consent of the county trustees of the latter county was ineffective and void.

Chaotic conditions and confusion would inevitably result, as was said in County Board of School Trustees v. Leon Ind. School Dist., Tex.Civ.App., 328 S.W.2d 928, 931, if the board of trustees of each county should act at independent will without regard for or consideration of the far-reaching effects of its actions on districts in other counties, without their concordant approval and against their will.[2]

An attempted annexation under analogous legislation, Art. 2742f [2a] (which authorizes detachment, and annexation of contiguous territory to another district), requires approval of the receiving district to be effective. That statute also limits authorization to county boards of trustees in "each" county, and without approval by the boards in other counties affected the transfer is held not consummated. South Taylor County Ind. Sch. Dist. v. Winters Ind. Sch. Dist. (1952), 151 Tex. 330, 249 S.W.2d 1010, 1012; Lorena Ind. Sch. Dist. v. Rosenthal Com. Sch. Dist., Tex.Civ.App., 421 S.W.2d 491, 493, writ ref. n. r. e.; County Board of School Trustees v. Leon Ind. Sch. Dist., Tex.Civ.App., 328 S.W.2d 928; Hale v. County School Trustees of Archer County, Tex.Civ.App., 207 S.W.2d 251, 255, writ ref. n. r. e.; County School Trustees of Runnels County v. State, Tex. Civ.App., 95 S.W.2d 1001, 1003, writ dism.

In the last cited case the court stated that section 1 of the statute (corresponding precisely to Art. 2922a) "clearly relates to territory lying wholly within, and as affect-

---

*adjoining counties* shall have the authority, upon the written order of the members of *each county board* concerned, to establish a county line rural high school district, and to designate the county which shall have supervision of said county line rural high school district. * * * " If this were a matter of first impression we would be inclined to the opinion that the action proposed in the present case was required to be taken under Art. 2922d so as to create a county line rural high school district, which might retain status as an independent district under Art. 2964; but the majority opinion in State ex rel. Childress v. School Trustees of Shelby County (1951), 150 Tex. 238, 239 S.W.2d 777, has held that the provision for annexation following the semicolon in Art. 2922a (note 4, infra) does not have the effect of authorizing creation of such a district, and that it only authorizes "enlargement of nuclear districts". Art. 2922d expressly provides for concurrence of each county board in the case of "two or more adjoining counties" in order to create a county line rural high school district. There is no other provision in H.B. 38, Acts 39th Leg., p. 204, ch. 59 relating to county line school districts. The title of H.B. 38 begins: "Providing for a Better System of Rural High Schools".

2. The Legislature has consistently evidenced a policy of requiring approval of other counties where a county line school district is changed or districts in multiple counties are affected. E. g.: Arts. 2744; 2742b, sec. 5b; 2712; 2764; 2806; 2815a; 2742f; 2922; 2922l(7). Art. 7, Sec. 3 of the Texas Constitution Vernon's Ann.St. was amended in 1909 to authorize, for the first time, legislation providing for creation of school districts "to embrace parts of two or more counties."

2a. Art. 2742f V.A.C.S.: "In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the district to which the annexation is to be made approves, by majority vote, the proposed transfer of territory * * *." It expressly provides that when the proposed new district will embrace territory lying in two or more counties, "all orders affecting its establishment shall be concurred in by the County Board of each county concerned."

ing school districts lying wholly within, one county". It was there said also: "It is fundamental that the county trustees of one county cannot alone create a district composed of territory lying in two counties," and to permit it would "cause interminable confusion".[3] The Court said that in county line school districts "the school authorities of both counties or in all counties affected should act together" when the boundaries of the district are to be changed. See Benton v. Long, Tex. Civ.App., 128 S.W.2d 446, 448 and Lynn County School Board v. Garlynn Common County Line Sch. Dist., Tex.Civ.App., 118 S.W.2d 1070, 1072, writ ref., dealing with common school districts. In County School Trustees of Lubbock County v. Harral County Line Independent School Dist., Tex.Civ.App., 95 S.W.2d 204, no writ, the county school trustees of Lubbock County attempted to annex a county line independent school district lying in Hale and Lubbock Counties to (or "group it with") a rural high school district lying entirely within Lubbock County without consent of the county line independent school district. It was there held that Art. 2922d applied; but it was also held that mere right of supervision did not empower the trustees of only one county to annex or group as was done in the present case, and the attempt to join the two without acquiescence of both was a nullity.

The adjective "each" considered in connection with the singular "county" in Art. 2922a[4]: "In each organized county of this state", construed with the remainder of that statute, makes it clear that the article is limited in its application to districts lying within a single county. If appellees' contention were to prevail, Bosque County trustees, in retaliation, could simply reduce the area and scholastic population of the district sought to be added to here, and annex that smaller independent school district to a larger school district in McLennan County, either under Art. 2922a as was attempted here; by conforming to Art. 2742e–1, subdividing the new district and attaching it to a contiguous district in McLennan County; by increasing size, converting the district to a new type and annexing the entire new district to a McLennan County common or independent district which adjoined as authorized by Art. 2742a; or by gerrymandering and converting under some one or more of the other complex, ambiguous and conflicting statutory provisions which existed at the time the order was adopted. In short, under appellees' construction, the two counties could play ping-pong with the scholastics for whose education the Legislature has sought to provide. We are convinced no such incongruity was intended.

The judgment in the case at bar appears not to have turned, however, on resolution of any doubt as to the rule that approval of the county trustees in each county was a prerequisite. The court was induced to adopt the position which ap-

3. In Mount Enterprise Independent Sch. Dist. v. Colley, Tex.Civ.App., 424 S.W.2d 650, no writ, the receiving district was an independent district wholly within one county and the annexed district was a county line district in that and another county. The opinion recites that the boards of each of the districts consented to the annexation. The present question therefore, was not before the court.

In Dickens Ind. Sch. Dist. v. County School Trustees, Tex.Civ.App., 322 S.W. 2d 544, 547 the court states there was nothing to show either district was a county line district, and that it was stipulated "they are both independent school districts in Dickens County, Texas".

This status of that decision was pointed out in County Board of School Trustees v. Leon Ind. Sch. Dist., Tex.Civ.App., 328 S.W.2d 928, 930.

4. Art. 2922a, V.A.C.S.: "In each organized county of this state * * * the county school trustees shall have authority to form one or more rural high school districts, by grouping * * *; provided, also, that the county school trustees may annex * * * one or more independent school districts having less than two hundred fifty (250) scholastic population * * * to an independent district having four hundred (400) or more scholastic population * * *."

pellees now urge to us, that by failing to appeal from the July 1 annexation order of the McLennan County Board within five days as provided by Art. 2686, appellants are bound by that order, and the court was without jurisdiction of appellants' application for injunctive relief. The law has been frequently and clearly settled contrary to appellees' contention. We sustain appellants' points challenging dismissal of the cross-action.

In State Line Consol. School Dist. v. Farwell Ind. School Dist. (Tex.Com.App. 1932), 48 S.W.2d 616, 617, no appeal was prosecuted from an order annexing territory. Two months after the annexation order was adopted by the county board of trustees a direct suit for injunction was filed in district court. The Court of Civil Appeals there concluded, as appellees now contend, that the court had no jurisdiction because there had been no appeal as provided by Art. 2686. The Commission of Appeals in reversing held to the contrary, that "when a school board acts without authority of law and contrary to express statute, and in such a manner that its act is void, then the courts of the land may be appealed to directly without first exhausting the remedy of appeal" such as is authorized by Art. 2686.

The same holding was made by the Commission of Appeals in Board of School Trustees of Young County v. Bullock Common Sch. Dist. (Tex.Com.App.1932), 55 S.W.2d 538, 540. Where the order of the county board is invalid, the complaining district "had the right to apply directly to the courts, in the first instance." Where it is charged that the order is void, "the complaining party may resort in the first instance to the courts". County Board of School Trustees of Limestone County v. Wilson (Tex.Civ.App.1929), 15 S.W.2d 144, 146; Hale v. McMurrey (Tex.Civ.App., 1929), 22 S.W.2d 499, 501, writ ref.; Adkins v. Rogers (Tex.Civ.App.1957), 303 S.W.2d 820, 823, writ ref. n. r. e., and cases cited syl. 1; Wilkinson v. Lyon (Tex.Civ. App.1918), 207 S.W. 638, 640. See County

School Trustees v. Edna Independent School District (Tex.Com.App.1939), 34 S.W.2d 860 and Brockman v. Echols (Tex. Civ.App.1929), 22 S.W.2d 686.

The judgment is reversed. The injunction is dissolved. The cause is remanded to the trial court with directions to reinstate appellants' action for injunction, and for further proceedings in accordance with this opinion.