Honorable John E. Chamberlain Hall County Attorney P.O. Box 699 Memphis, Texas 79245
Re: Whether Childress County is authorized to annex a portion of the Estelline School District which lies in Hall County
Dear Mr. Chamberlain:
You ask whether section 19.021 of the Texas Education Code authorizes one county to annex an entire county-line school district without the consent of the other county affected. You indicate that the Childress County Commissioners Court annexed the entire Estelline Independent School District to the Childress Independent School District without the consent of the Hall County Commissioners Court. Approximately 75% of the Estelline School District is located within Hall County. You assert that article 19.021 does not authorize Childress County to take action affecting property lying in another county without the consent or action of the other county.
Section 19.021 of the Texas Education Code provides, in part:
 (a) The commissioners court of any county may create enlarged districts by annexing one or more common school districts or one or more independent school districts having less than 250 students in membership on the last day of the preceding school year to an independent school district having 150 or more students in membership on the last day of the preceding school year.
The question at hand is not simply whether section 19.021 expressly or impliedly requires the consent of both counties where more than one county is affected. The dispositive issue is whether section 19.021 authorizes one county to take action outside of its boundaries. If it does not, the other county's concurrent action over territory within its boundaries is essential.
Counties hold only those powers granted expressly or by necessary implication in the Texas Constitution and statutes. Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). Section 19.021 does not expressly authorize the annexation of a school district which lies partly within another county. The Education Code provisions which authorize actions affecting two different counties usually do so expressly. See, e.g., § 19.051(b). Further, sections which authorize actions affecting two or more counties require the concurrence of each affected county. See §§ 19.022, 19.054. Section 19.021 addresses the special situation presented by school districts with a small number of students by authorizing the annexation of a district with less than 250 students without a petition of the district's registered voters. See Griesenbeck v. Schindler, 552 S.W.2d 203, 205 (Tex.Civ.App.-Eastland 1977, writ ref'd n.r.e.); Neill v. Cook, 365 S.W.2d 824, 829
(Tex.Civ.App.-Eastland 1963, writ ref'd n.r.e.), app. dism'd for want of juris., 376 U.S. 202 (1964). Changes in the boundaries of school districts which have a larger number of students require petitions from the registered voters of the district. See Educ. Code §§ 19.022 (detachment and annexation of territory); 19.052 (petition for consolidation of school districts). Just because a voter petition is not required does not mean that the consent of both counties is unnecessary. The limited purpose of section 19.021 is significant in determining whether it contains the implied authority for a county to act outside of its boundaries and to do so without the consent of the other county or counties affected.
No reported cases interpret section 19.021. Several cases, however, interpret the statutes which preceded section 19.021. In Foulks v. China Spring Independent School District,452 S.W.2d 763 (Tex.Civ.App.-Waco 1970, writ ref'd), the court held that a unilateral annexation of a school district located in one county to a school district located primarily in another county is ineffective and void without the consent of the other county. The court dealt with article 2922a, V.T.C.S., an early predecessor to section 19.021. See Acts 1969, 61st Leg., ch. 889, at 2735 (repealing article 2922a and substituting, in part, section 19.001); Acts 1983, 68th Leg., ch. 285, § 1, at 1380 (replacing sections 19.001 and 19.261 with section 19.021). The court stated that " '[i]t is fundamental that the county trustees of one county cannot alone create a district composed of territory lying in two counties.' " 452 S.W.2d at 766 (quoting County School Trustees of Runnels County v. State, 95 S.W.2d 1001, 1003
(Tex.Civ.App.-Austin 1936, writ dism'd); see also County School Trustees of Lubbock County v. Harral County Line Independent School District, 95 S.W.2d 204, 206 (Tex.Civ.App.-Amarillo 1936, no writ); County School Trustees of Leon County v. Leon Independent School District, 336 S.W.2d 809 (Tex.Civ.App.-Waco 1960, no writ); Lorena Independent School District No. 907 v. Rosenthal Common School District No. 007, 421 S.W.2d 491
(Tex.Civ.App.-Waco 1967, writ ref'd n.r.e.).
The statutory language at issue in Foulks referred to the power of school trustees "in each organized county" to annex school districts with less than 250 students to another district. Section 19.021 refers to "any" county rather than to "each" county. It has been suggested that this change was intended to remove any requirement that both counties must act in concert. However, a minor change in phrasing made when the various civil statutes relating to one topic are consolidated into one code is not presumed to indicate a change in meaning. See Sutherland: Statutory Construction, § 28.10 (4th ed. 1985). Accordingly, the reasoning in Foulks also applies to section 19.021. As indicated, counties hold only those powers granted expressly or by necessary implication in the Texas Constitution and statutes. Section 19.021 does not expressly authorize annexation of a school district which lies within another county; it merely authorizes annexation of a district with less than 250 students without a petition of the district's registered voters. The court in Foulks suggested that the use of "each" county indicated that the provision may have been intended to apply only to school districts located within the same county. 452 S.W.2d at 766.
Texas case law suggests that the legislature cannot grant counties power to act unilaterally outside their boundaries without constitutional amendment. See Tex. Const. art. V, § 18; Burke v. Hutcheson, 537 S.W.2d 312, 314 (Tex.Civ.App.-Eastland 1976, writ ref'd n.r.e.); Ellis v. Hanks, 478 S.W.2d 172, 176
(Tex.Civ.App.-Dallas 1972, writ ref'd n.r.e.). Article V, section 18, commits county business to each county's commissioners court. In Burke and Ellis the courts each held that a county commissioners court lacks the authority to order a local option election pursuant to the Liquor Control Act in cities located partly in two different counties. See Burke 537 S.W.2d at 314-15; Ellis, 478 S.W.2d at 177; see also Attorney General OpinionJM-468 (1986).
Your question, however, does not require reliance on whether the legislature may authorize one county to take unilateral action over territory lying within another county without running afoul of article V, section 18, of the Texas Constitution. Section 19.021 fails to provide the express or implied authority for a county to take action outside of its boundaries. Accordingly, the concurrent action of the other affected county under section 19.021 is essential.
 SUMMARY
Section 19.021 of the Texas Education Code does not authorize one county to take action affecting territory lying in another county without the concurrent action of the other county.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Jennifer Riggs Assistant Attorney General